DAVID P. STRAUSS (SBN 96874)
ds@dstrausslaw.com
**THE LAW OFFICE OF DAVID P. STRAUSS**
501 West Broadway, Ste. 800
San Diego, CA 92101
Telephone: 619-237-5300
Facsimile: 619-237-5311

Attorneys for Plaintiff
ALLISON PARTNERS, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Allison Partners, LLC<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Gosier Holdings, LLC, FilmHedge, LLC, Southbox Capital, LLC, and Southbox Entertainment, LLC<br><br>　　　　Defendants. | Case No. **'25 CV0680 WQHJLB**<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT**<br><br>　**1. BREACH OF CONTRACT**<br><br>　**2. UNJUST ENRICHMENT AGAINST ALL DEFENDANTS**<br><br>　**3. COMMON COUNT -1** |

COMPLAINT FOR DAMAGES

Plaintiff Allison+Partners, LLC ("Plaintiff"), by and through its undersigned counsel, brings this lawsuit against Gosier Holdings, LLC ("Gosier Holdings"), FilmHedge LLC ("FilmHedge"), Southbox Capital, LLC ("Southbox Capital"), and Southbox Entertainment LLC ("Southbox Entertainment") (collectively, "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1. Diversity Jurisdiction. Jurisdiction before this court is proper pursuant to 28 United States Code Section 1332, which provides for diversity jurisdiction. In this matter, the parties are diverse with Plaintiff being a citizen of Delaware and New York and Defendant being a citizen of Pennsylvania. See 28 U.S.C. § 1332. The amount in controversy is within the Court's jurisdictional limits and exceeds $75,000.00. Id. This Court has jurisdiction pursuant to 15 U.S.C § 1692k(d) and 28 U.S.C. § 1331.

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District and pursuant to a Master Service Agreement whereby Plaintiff and Defendant agreed to jurisdiction in California.

## PARTIES

3. Plaintiff is a Delaware limited liability company and a citizen of Delaware and New York via its ultimate single member Stagwell, Inc., a Delaware corporation with its principal place of business in New York.

- 1 -
COMPLAINT FOR DAMAGES

4. Defendant Gosier Holdings, LLC. is a Delaware limited liability company with its principal place of business at 1715 South Street, Philadelphia, Pennsylvania 19146. Defendant Gosier Holdings is a single member LLC owned by Mr. Jonathan Dwayne Gosier. Mr. Gosier is a citizen of the state of Pennsylvania. Accordingly, Defendant Gosier Holdings, LLC is a citizen of Pennsylvania.

5. Defendant FilmHedge LLC is a Delaware limited liability company with its principal place of business at 3017 Bolling Way NE, OFC 224, Atlanta, GA 30305. Defendant FilmHedge is a single member limited liability company owned by parent company Gosier Holdings. As detailed above, Gosier Holdings is a citizen of Pennsylvania, and thus, FilmHedge is a citizen of Pennsylvania.

6. Defendant Southbox Capital, LLC is a Delaware limited liability company with its principal place of business at 3017 Bolling Way NE, OFC 224, Atlanta, GA 30305. Defendant Southbox Capital is a single member limited liability company owned by parent company Gosier Holdings. As detailed above, Gosier Holdings is a citizen of Pennsylvania, and thus, Southbox Capital is a citizen of Pennsylvania.

7. Defendant Southbox Entertainment LLC is a Delaware limited liability company with its principal place of business at 3017 Bolling Way NE, OFC 224, Atlanta, GA 30305. Defendant Southbox Entertainment is a single member limited liability company owned by parent company Gosier Holdings. As detailed above, Gosier Holdings is a citizen of Pennsylvania, and thus, Southbox Entertainment is a citizen of Pennsylvania.

COMPLAINT FOR DAMAGES

# **FACTUAL ALLEGATIONS**

8.  Plaintiff is a global integrated marketing and communications consultancy.

9.  Gosier Holdings, owned one-hundred percent (100%) by Jon Gosier, is the parent company of FilmHegdge LLC, Southbox Capital, LLC, and Southbox Entertainment LLC.

10. Plaintiff and Gosier Holdings entered into a Master Services Agreement (the "MSA") and related Statement of Work (the "SOW") with an effective date of November 1, 2022 (collectively, the "Agreement") that is attached hereto as Exhibit A.

11. Plaintiff understood that the Agreement would be utilized not only by Defendant Gosier Holdings but would also include services for certain subsidiaries of Gosier Holdings.

12. Indeed, Gosier Holdings entered into the MSA on behalf of itself and its affiliates.

13. The SOW was entered into by Defendant Gosier Holdings but contemplated services to be performed for the benefit of Gosier Holdings' subsidiaries FilmHedge, Southbox Capital, and Southbox Entertainment.

14. Between November 1, 2022 and April 10, 2023, Plaintiff performed services under the Agreement including services for the benefit of FilmHedge, Southbox Capital, and Southbox Entertainment.

15. Gosier Holdings paid an initial deposit of $11,000.00 to Plaintiff (the "Deposit").

/ / /

- 3 -

16. Plaintiff provided Gosier Holdings with invoices dated November 17, 2022 in the amount of $22,000.00 USD, January 1, 2023 in the amount of $11,000.00 USD, February 2, 2023 in the amount of $11,000.00, and March 29, 2023 in the amount of $11,000.00.

17. Other than the Deposit, Gosier Holdings has not paid Plaintiff what it is owed for the services rendered under the Agreement.

18. Plaintiff attempted to collect its past due fees and expenses from Gosier Holdings culminating in an email exchange between Plaintiff's General Counsel Brian Feldman and Jon Gosier on May 1, 2023. Mr. Feldman's requests were ignored by Mr. Gosier.

19. After deducting the deposit paid by Gosier Holdings in the amount of $11,000.00, Gosier Holdings continues to owe Plaintiff $44,000.00 for the services rendered by Plaintiff under the Agreement.

20. Under Section 6 of the MSA, Gosier Holdings is required to pay Plaintiff $33,000.00 USD for the agreed to ninety-day termination period.

21. Schedule A of the MSA provides that ". . . those invoices more than thirty (30) days overdue will be subject to an automatic bookkeeping charge of one and half percent (1.5%) per month (the "Bookkeeping Fee")."

22. Section 7, Subsection Q of the MSA provides that "[t]he parties agree that in the event that any suit or proceeding is brought in connection with this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs."

23. Accordingly, Gosier owes Plaintiff $77,000.00 USD plus the Bookkeeping Fee as well as attorneys' fees and litigations costs should Plaintiff prevail under this lawsuit.

## COUNT I: BREACH OF CONTRACT AGAINST DEFENDANT GOSIER HOLDINGS

24. The previous paragraphs are incorporated into this Count as if set forth in full.

25. Plaintiff was a party to an agreement entered with Defendant Gosier Holdings.

26. Notwithstanding Plaintiff's full performance, Defendant Gosier Holdings breached the Agreement by not paying Plaintiff all amounts owed to Plaintiff under the Agreement.

27. Plaintiff has suffered damages as a result of Defendant Gosier Holdings' breach of contract.

28. As a result of Defendant Gosier Holdings' failure to pay all amounts owed under the Agreement, Plaintiff was required to retain counsel and is entitled to Plaintiff's attorneys' fees under Section 1717 of the California Civil Code.

## COUNT II: UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

29. The previous paragraphs are incorporated into this Count as if set forth in full.

30. Plaintiff is informed and believes, and thereon alleges, that Defendant Gosier Holdings has failed to pay Plaintiff the amounts due under the Agreement, resulting in an unjust enrichment to Defendant Gosier Holdings and Defendants FilmHedge, Southbox Capital, and Southbox Entertainment as beneficiaries of Plaintiff's services performed under the Agreement.

- 5 -

COMPLAINT FOR DAMAGES

31. As a direct and proximate result of Defendant Gosier Holdings breach of the Agreement, Defendants FilmHedge, Southbox Capital, and Southbox Entertainment have retained the benefits conferred by Plaintiff without providing compensation or payment to Plaintiff.

32. It would be inequitable and unjust for Defendants FilmHedge, Southbox Capital, and Southbox Entertainment to retain these benefits without compensating Plaintiff, as the benefits were received at Plaintiff's expense.

33. Plaintiff has been damaged by all Defendants and has had to retain counsel.

## COUNT III: COMMON COUNT-1

34. Plaintiff alleges that Defendants FilmHedge, Southbox Capital, and Southbox Entertainment became indebted to Plaintiff within the last four years for work, labor, services and materials rendered at the special instance and request of Defendants and for which Defendants promised to pay Plaintiff the sum of $

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein and that on final hearing, the Court grant the following:

(1) Judgement in favor of Plaintiff and against Defendants for all actual damages proximately causesd by Defendant Gosier Holdings' breach of contract and the unjust enrichment of all Defendants;

/ / /

- 6 -

COMPLAINT FOR DAMAGES

(2) Judgement in favor of Plaintiff against Defendants for court costs, reasonable attorneys' fees, expert witness fees and deposition copy costs;

(3) Pre-judgment and post-judgment interest at the maximum rate allowable by law; and

(4) Such other and further relief to which Plaintiff may be justly entitiled.

Dated: March 24, 2025          **THE LAW OFFICE OF DAVID P. STRAUSS**

By: _____
    DAVID P. STRAUSS
    Attorneys for Plaintiff,
    ALLISON PARTNERS, LLC

- 7 -
COMPLAINT FOR DAMAGES