UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON PARTNERS, LLC, | Case No.: 3:25-cv-00680-WQH-JLB |
| Plaintiff, | **ORDER** |
| v. | |
| GOSIER HOLDINGS, LLC; FILMHEDGE, LLC; SOUTHBOX CAPITAL, LLC; and SOUTHBOX ENTERTAINMENT, LLC, | |
| Defendants. | |

HAYES, Judge:

On March 24, 2025, Plaintiff Allison Partners, LLC ("Plaintiff") filed a Complaint against Defendants Gosier Holdings, LLC ("Gosier"); FilmHedge, LLC ("FilmHedge"); Southbox Capital, LLC ("Southbox Capital"); and Southbox Entertainment, LLC ("Southbox Entertainment") (collectively, "Defendants"). (ECF No. 1.)

On the same day, the Clerk of the Court issued the summons and proof of service form. (ECF No. 2.)

On April 30, 2025, Plaintiff filed three Affidavits of Service, declaring that the Summons and Complaint had been served upon Defendants FilmHedge, Southbox Capital, and Southbox Entertainment. (ECF Nos. 3–5.)

On June 10, 2025, Plaintiff filed a Request for Entry of Default against Defendants FilmHedge, Southbox Capital, and Southbox Entertainment (collectively, "the Defaulted

1

Defendants"). (ECF No. 6.) On July 21, 2025, the Clerk of the Court entered default against the Defaulted Defendants. (ECF No. 7.)

On September 9, 2025, Plaintiff filed a Motion for Leave to File Motion for Default Judgment ("Motion for Leave to File") (ECF No. 10) and a Motion for Default Judgment (ECF No. 11).

On February 17, 2026, the Court issued an Order dismissing Defendant Gosier and denying Plaintiff's Motion for Default Judgment (ECF No. 11) without prejudice and the Motion for Leave to File (ECF No. 10) as moot. The Court found that Plaintiff failed to establish proper service of process on the Defaulted Defendants under either Federal Rule of Civil Procedure 4, Delaware law, or California law. (ECF No. 11 at 6–9.) The Court granted Plaintiff thirty (30) days to "file either: (1) a renewed motion for default judgment or (2) a motion to set aside the Clerk's entry of default (ECF No. 7) and re-serve the Defaulted Defendants in a manner that comports with Federal Rule of Civil Procedure 4 and/or applicable state law." *Id.* at 9.

On March 17, 2026, Plaintiff filed a Motion to Set Aside Clerk's Entry of Default and for Leave to Effect Proper Notice ("Motion to Set Aside Default"). (ECF No. 13.) Plaintiff requests that the Court (1) set aside the Clerk's entry of default against Defendants FilmHedge, Southbox Capital, and Southbox Entertainment and (2) grant Plaintiff "leave to effect proper service of process consistent with the Court's February 17, 2026 Order." *Id.* at 4.

Federal Rule of Civil Procedure 55(c) states that a court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up; citations omitted). "Additionally, a court may grant a motion for relief from default where the

3:25-cv-00680-WQH-JLB

moving party demonstrates a defect in the service of process." *Pontier v. GEICO Ins.*, No. 21cv199-LL-AHG, 2024 WL 2095282, at *2 (S.D. Cal. Mar. 28, 2024) (quotations omitted) (collecting cases).

Here, no evidence of culpable conduct by Plaintiff exists. Setting aside the default would not prejudice the Defaulted Defendants; it would benefit them by allowing Plaintiff to properly serve them. The "no meritorious defense" factor does not apply here because Plaintiff seeks to set aside the default, not Defendants. And the Court found in its February 17, 2026 Order that Plaintiff provided insufficient proof of service. (ECF No. 11 at 6–9.) Accordingly, the Court finds good cause to set aside the entry of default against the Defaulted Defendants and allow Plaintiff to effect proper service.

IT IS HEREBY ORDERED that Plaintiff's Motion to Set Aside Default (ECF No. 13) is granted. The Clerk of the Court shall set aside the entry of default against Defendants FilmHedge, Southbox Capital, and Southbox Entertainment (ECF No. 7).

IT IS FURTHER ORDERED that Plaintiff shall file proof of proper service on Defendants FilmHedge, Southbox Capital, and Southbox Entertainment in a manner that complies with Federal Rule of Civil Procedure 4 or applicable state law no later than thirty (30) days from the entry of this Order.

Dated:  March 23, 2026

Hon. William Q. Hayes
United States District Court

3:25-cv-00680-WQH-JLB