Ethan T. Boyer, Esq. (SBN 173959)
eboyer@noonanlance.com
Genevieve M. Sauter, Esq. (SBN 285722)
gsauter@noonanlance.com
NOONAN LANCE & BOYER LLP
701 Island Avenue, Suite 400
San Diego, California 92101
Telephone: (619) 780-0880
Facsimile: (619) 780-0877

Attorneys for Defendants FILMHEDGE, LLC,
SOUTHBOX CAPITAL, LLC, AND
SOUTHBOX ENTERTAINMENT, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Allison Partners, LLC,

Plaintiff,

v.

Gosier Holdings, LLC, FilmHedge, LLC, Southbox Capital, LLC and Southbox Entertainment, LLC,

Defendants.

Case No.: 3:25-cv-00680-WQH-JLB

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES**

[Filed concurrently with Boyer Declaration and Gosier Declaration]

Judge: William Q. Hayes
Dept: 15B

Magistrate: Jill L. Burkhardt
Dept: 5D

Date: September 21, 2026
Dept: 15B

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 21, 2026, or as soon thereafter as the matter may be heard before the Honorable William Q. Hayes in Courtroom 15B of the United States District Court, Southern District of California, located at the James M Carter and Judith N Keep United States Courthouse, 333 West Broadway,

San Diego, CA 92101, Defendants FilmHedge, LLC, Southbox Capital, LLC and Southbox Entertainment, LLC will, and hereby do, respectfully move pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the default entered against them by the Clerk on June 26, 2026. ECF No. 20.

This Motion to Set Aside Entry of Default ("the Motion") is brought on the grounds that: (1) there is no subject matter jurisdiction in that there is no diversity of citizenship among the parties; (2) Plaintiff will not be unfairly prejudiced if the default is set aside; (3) Defendants have meritorious defenses including that Southbox Capital terminated the contract at issue due to Plaintiff's lack of performance; and (4) Defendants did not engage in culpable conduct in failing to answer the Complaint.

The Motion is made pursuant to this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the declarations of Jon Gosier and Ethan T. Boyer, Esq., and the exhibits attached thereto, the [Proposed] Answer, the entire court file in this action, and all other evidence and argument that may be introduced at the hearing.

Dated: August 14, 2026 NOONAN LANCE & BOYER LLP

By: */s/ Ethan T. Boyer*
Ethan T. Boyer
Genevieve M. Sauter
Attorneys for Defendants FILMHEDGE, LLC, SOUTHBOX CAPITAL, LLC, AND SOUTHBOX ENTERTAINMENT. LLC

## TABLE OF CONTENTS

I. INTRODUCTION ..... 7
II. FACTUAL AND PROCEDURAL BACKGROUND ..... 8
A. The Parties. ..... 8
B. The Contract At Issue. ..... 9
C. The Complaint. ..... 10
III. LEGAL STANDARDS ..... 10
IV. ARGUMENT ..... 11
A. There Is No Federal Subject Matter Jurisdiction. ..... 11
1. The Complaint Asserts Diversity Jurisdiction. ..... 12
a. Limited Liability Companies ..... 12
b. Corporations ..... 13
c. Natural Persons ..... 13
2. There is No Diversity ..... 13
B. Plaintiff Will Not Be Prejudiced. ..... 14
C. Defendants Have Meritorious Defenses. ..... 15
D. Defendants Did Not Engage In Culpable Conduct. ..... 16
V. CONCLUSION ..... 17

# TABLE OF AUTHORITIES

Page(s)

**Cases**


*Adler v. Federal Republic of Nigeria,*
107 F.3d 720 (9th Cir.1997) .......... 12

*Am. Ass'n of Naturopathic Physicians v. Hayhurst*,
227 F.3d 1104 (9th Cir. 2000) .......... 11

Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.,
465 F.2d 489 (9th Cir. 1972) .......... 13

*Bautista v. Pan American World Airlines, Inc.*,
828 F2d 546 (9th Cir. 1987) .......... 12

*Brown v. Grimes*,
192 Cal. App. 4th 265, (2011) .......... 16

*Carroll v. County of San Diego*,
2014 WL 4185530 (S.D. Cal.) .......... 15

*City of Oakland v. Oakland Raiders*,
83 Cal. App. 5th 458 (2022) .......... 16

*Davis v. Musler*,
713 F.2d 907 (2d Cir. 1983) .......... 15

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
840 F.2d 685 (9th Cir. 1988) .......... 7, 11

*Egelhoff v. Egelhoff ex rel. Breiner*,
532 U.S. 141 (2001) .......... 10

*Eulitt v. City of San Diego*,
2019 WL 13100967 (S.D. Cal. Apr. 16, 2019) .......... 11, 15

*Ewing v. Isaac*,
2022 WL 17254757 (S.D. Cal. Nov. 28, 2022) .......... 10, 11

*Fafarman v. Off. of Historic Res.*,
2013 WL 12138982 (C.D. Cal. Nov. 4, 2013) .......... 11

*Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*,
375 F.3d 922 (9th Cir. 2004) .......... 10

*Hawaii Carpenters' Tr. Funds v. Stone*,
794 F.2d 508 (9th Cir. 1986) .......... 11, 15

*Hawkins v. Bank of Am., N.A.*,
2018 WL 3426218 (S.D. Cal. July 16, 2018) .......... 15

*Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006) .......... 12, 13

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) .......... 13

*Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941 (9th Cir. 1986) .......... 10

*Morgan Equip. Co. v. Novokrivorogsky State Ore Min. & Processing Enter.*, 57 F. Supp. 2d 863 (N.D. Cal. 1998) .......... 11, 12, 14

*O'Connor v. Nevada*, 27 F.3d 357 (9th Cir.1994) .......... 11

*Page v. Banks*, No. 07cv2254 JM(BLM), 2008 WL 2037763 (S.D. Cal. May 12, 2008) .......... 11

*RingCentral, Inc. v. Quimby*, 781 F.Supp.2d 1007 (N.D. Cal. 2011) .......... 15, 17

*Rivera v. Marten Transp. Servs., LTD*, 2011 WL 2680525 (S.D. Cal. July 8, 2011) .......... 11

*Scottsdale Ins. Co. v. Hamerslag*, 2023 WL 7434967 (S.D. Cal. Nov. 9, 2023) .......... 7, 10

*Sepanossian v. National Ready Mixed Concrete Co.*, 97 Cal. App. 5th 192 (2023) .......... 16

*TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001) .......... passim

*Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247 (9th Cir.1980) .......... 12

*U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085 (9th Cir. 2010) .......... 15

*United States v. Aguilar*, 782 F.3d 1101 (9th Cir. 2015) .......... 11

*United States v. Forma*, 42 F.3d 759 (2d Cir. 1994) .......... 11

*Veracity Wireless, Inc. v. Virtual Fleet Mgmt., LLC*, 2019 WL 4266550 (S.D. Cal. Feb. 26, 2019) .......... 14, 15, 16

*Weible v. United States*, 244 F.2d 158 (9th Cir.1957) .......... 13

**Statutes**

15 U.S.C. 1692k(d) .... 12
28 U.S.C. section 1332 .... 12, 13
28 U.S.C. § 1332(c)(1) .... 13
28 U.S.C. § 1332(e) .... 12

**Rules**

FRCP 12(h)(3) .... 17
FRCP 55 .... 8
Rule 55(c) of the Federal Rules of Civil Procedure .... 2, 7, 10

**Other Authorities**

1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, §§ 813, 814, p. 906 (Witkin) .... 16
10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699 .... 15

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants FilmHedge, LLC ("FilmHedge"), Southbox Capital, LLC ("Southbox Capital") and Southbox Entertainment, LLC ("Southbox Entertainment") respectfully request that the Court set aside the default entered against them pursuant to Federal Rule of Civil Procedure 55(c). There is good cause for their delay in appearing in this action in that they mistakenly believed that their counsel would be responding to the Complaint. Further, Defendants have meritorious defenses, did not engage in any culpable conduct, and Plaintiff will not suffer any prejudice from the granting of such relief. In addition, there is no subject matter jurisdiction in that there is no diversity of citizenship among the parties and, as a result, the case should be dismissed.

When Defendants received service of the Complaint, they informed their counsel in Georgia who was handling other litigation. Defendants mistakenly believed that their attorney would be responding to the Complaint in this case. As a result, Defendants seek to set aside the default entered against them on the grounds of mistake and excusable neglect.

The Complaint alleges a claim for breach of contract against Southbox Capital, formerly known as Gosier Holdings, LLC, as well as a claim for unjust enrichment and a common count claim against all three Defendants. Defendants have meritorious defenses to the claims. Southbox Capital terminated the contract on May 1, 2023 for non-performance by Plaintiff. Neither FilmHedge nor Southbox Entertainment were even parties to the agreement. Further, Plaintiff will not be prejudiced in any cognizable way as a result of the delay.

While any one of these circumstances alone would warrant the setting aside of the default, their confluence, and the "strong preference for deciding cases on their merits," justify setting the default aside. *Scottsdale Ins. Co. v. Hamerslag*, 2023 WL 7434967, at *3 (S.D. Cal. Nov. 9, 2023) (citing *Direct Mail Specialists, Inc. v. Eclat*

*Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988)).

More fundamentally, this matter should be dismissed in that there is no federal subject matter jurisdiction as there is no diversity of citizenship among the parties. The parties in this case are each limited liability companies, whose citizenship, under federal law, is determined by the citizenship of their members. As alleged in the Complaint, Plaintiff is a citizen of *both* New York and Delaware, in that its sole member, Stagwell, Inc. ("Stagwell"), is a Delaware corporation with its principal place of business in New York.

Contrary to the allegations in the Complaint, the sole member of Defendant FilmHedge, LLC is not Jon Gosier, but MediaHedge, Inc., a Delaware corporation with its principal place of business in Georgia, rendering FilmHedge, LLC a citizen of both those states. As a result, there is no diversity of citizenship in that both Plaintiff and FilmHedge, LLC are citizens of Delaware.

In addition, and again contrary to the allegations in the Complaint, Southbox, LLC is not a single member LLC, but has multiple members who are natural persons, one of whom is a citizen of New York. This further destroys diversity.

Lack of federal subject matter jurisdiction can be raised at any time in the proceedings, including after entry of default and/or default judgment, and renders any judgment void. Defendants submit that they meet the requirements for setting aside the default entered against them under FRCP 55. However, after setting aside the default, this matter should be dismissed for lack of jurisdiction.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Parties.

Southbox Capital is a Delaware LLC with its principal (and only) place of business in Atlanta, Georgia. (Declaration of Jonathan Gosier ("Gosier Dec.") at ¶2). Southbox Capital is a holding company for investments mostly in the technology industry but also in some media opportunities. (*Id.*) Southbox Capital is managed by Jon Gosier ("Gosier"), who is a member of the LLC along with several other

individuals. (*Id.* ¶¶ 2-3) The LLC was originally named Gosier Holdings, LLC, but changed its name to Southbox Capital on February 3, 2022. (*Id.* ¶ 2 and Ex. A thereto). Southbox Capital has continued to use the name "Gosier Holdings" from time to time, though it is not an official fictitious business name. (*Id.*)

FilmHedge also is a Delaware LLC with its principal (and only) place of business in Atlanta, Georgia. (Gosier Dec. at ¶ 5). FilmHedge provides underwriting and lending services to film and TV producers. (*Id.*) Gosier initially was the sole member of FilmHedge, but transferred his 100% interest in the LLC to MediaHedge, Inc. on or about March 31, 2021. (Gosier Dec. at ¶ 6 and Ex. C thereto). MediaHedge is a Delaware corporation with its principal (and only) place of business in Atlanta, Georgia. (Gosier Dec. at ¶ 7 and Ex. D thereto).

Southbox Entertainment also is a Delaware LLC based in Atlanta, Georgia. (Gosier Dec. at ¶ 8). Southbox Entertainment has no operations at present but holds certain IP rights. (*Id.*) Its sole member is Jon Gosier. (*Id.*)

As alleged in the Complaint, Plaintiff is a Delaware LLC. (Complaint, ¶3, DKT 1). Plaintiff's single member is Stagwell, Inc. ("Stagwell"), a Delaware corporation with its principal place of business in New York. (*Id.*).

**B. The Contract At Issue.**

Plaintiff's Complaint is based on a contract it signed with Gosier Holdings, LLC, called the Master Services Agreement, effective November 1, 2022. (Gosier Dec. at ¶ 9). Neither FilmHedge nor Southbox Entertainment are parties to or referenced in the agreement. (*Id.*).

Southbox Capital repeatedly informed Plaintiff of the deficiencies in the services Plaintiff was providing under the agreement. (Gosier Dec. at ¶ 10 and Ex. E). Plaintiff, however, did not improve its performance or comply with its services obligations under the contract. (Gosier Dec. at ¶ 10). As a result, Southbox Capital terminated the agreement on May 1, 2023. (*Id.* ¶ 11 and Ex. F thereto).

/ / /

**C. The Complaint.**

Plaintiff waited almost two years after the termination of the agreement to file this Complaint on March 24, 2025. (DKT 1). The Complaint alleges three claims, for breach of contract against Southbox Capital, and for unjust enrichment and a common count against all Defendants. (DKT 1).

Southbox's principal, Gosier, received a copy of the Complaint on or about April 2025. (Gosier Dec. at ¶ 12). On April 23, 2025, Gosier emailed counsel at Holland & Knight, LLP, in Atlanta about the Complaint. (*Id.*) At the time, Holland & Knight, LLP was representing MediaHedge in a substantial lawsuit in Atlanta. (*Id.*) Gosier assumed that the law firm would handle the defense of the instant action. (*Id.*)

**III. <u>LEGAL STANDARDS</u>**

Under Federal Rule of Civil Procedure 55I, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55I. "Courts have broad discretion in deciding whether to vacate an entry of default." *Scottsdale Ins. Co.*, 2023 WL 7434967, at *3 (citing *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) (per curiam)). "It is the defendant's burden to establish that good cause to vacate the entry of default exists." *Ewing v. Isaac*, 2022 WL 17254757, at *2 (S.D. Cal. Nov. 28, 2022) (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 149 (2001)). The Ninth Circuit has found "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55I is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citing *TCI Grp.*, 244 F.3d at 696).

The factors that courts consider are:

> (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]. As these factors are disjunctive, the district court [is] free to deny the motion [for

default judgment] "if any of the three factors [is] true."

*Id.* (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1008 (9th Cir. 2000)). These are disjunctive factors and not comprehensive and required elements. *United States v. Aguilar*, 782 F.3d 1101, 1105–06 (9th Cir. 2015).

Though the factors for setting aside a default and a default judgment overlap, when applying them in the former, "the Court's discretion is 'especially broad.'" *Rivera v. Marten Transp. Servs., LTD*, 2011 WL 2680525, at *1 (S.D. Cal. July 8, 2011) (quoting *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir.1994)). Thus, "[t]he court 'should apply the factors more liberally' when assessing a motion to set aside an entry of default rather than a motion to set aside default judgment." *Eulitt v. City of San Diego*, 2019 WL 13100967, at *1 (S.D. Cal. Apr. 16, 2019) (quoting *Page v. Banks*, No. 07cv2254 JM(BLM), 2008 WL 2037763, at *2 (S.D. Cal. May 12, 2008)) (further citations omitted); *see also Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). "Ultimately, there is a strong preference for deciding cases on their merits, and therefore any doubts should be resolved in favor of setting aside the default." *Ewing*, 2022 WL 17254757, at *2 (citing *Direct Mail Specialists*, 840 F.2d at 690).

## IV. <u>ARGUMENT</u>

### A. There Is No Federal Subject Matter Jurisdiction.

"A default judgment is void if the court that rendered it lacked subject matter jurisdiction." *Morgan Equip. Co. v. Novokrivorogsky State Ore Min. & Processing Enter.*, 57 F. Supp. 2d 863, 868 (N.D. Cal. 1998) (citing *United States v. Forma*, 42 F.3d 759, 762 (2d Cir. 1994) ("… [I]f there was no subject matter jurisdiction over the Formas' counterclaim, then the default judgment entered against the Government is void and must be vacated…")); *see also Fafarman v. Off. Of Historic Res.*, 2013 WL 12138982, at *5 (C.D. Cal. Nov. 4, 2013) ("Without subject matter jurisdiction over this action, the entry of default against the City Office is void.").

"If the court determines that the judgment is void, it has no discretion to deny

relief from judgment." *Morgan Equip. Co.*, 57 F. Supp. 2d at 868 (citing *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica,* 614 F.2d 1247, 1256 (9th Cir.1980)).

"[A] district court 'may properly look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists.'" *Morgan Equip. Co.*, 57 F. Supp. 2d at 868 (quoting *Adler v. Federal Republic of Nigeria,* 107 F.3d 720, 728 (9th Cir.1997)). Further, "a district court 'has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.'" *Id*. Thus, the court does not accept as true the complaint's allegations regarding subject matter jurisdiction. *Morgan Equip. Co.*, 57 F. Supp. 2d at 869.

**1. The Complaint Asserts Diversity Jurisdiction.**

The Complaint here asserts federal jurisdiction based on diversity of citizenship of the parties pursuant to 28 U.S.C. section 1332. (Complaint, ¶ 1, DKT 1).[1] Diversity of citizenship requires that all parties to the action be "citizens" of different states. 28 U.S.C. § 1332I. The citizenship of the parties is a jurisdictional fact in diversity actions. The burden is on the plaintiff—the party invoking federal jurisdiction—to plead and prove such facts. *Bautista v. Pan American World Airlines, Inc.*, 828 F2d 546, 552 (9th Cir. 1987).

**a. Limited Liability Companies**

"[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, if the members are corporations, LLCs, trusts or partnership, natural persons, or a mix

---

[1] The Complaint also makes a vague reference to federal question jurisdiction by citing on 15 U.S.C. 1692k(d). (Complaint, ¶ 1, DKT 1). This reference is certainly a typographical error in that the referenced code section is to the Fair Debt Collection Practices Act, which is not at issue in this case.

of these options, then the diversity analysis must be performed for each member using the appropriate standard. *Id.*

**b. Corporations.**

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …" 28 U.S.C. § 1332I(1). A corporation incorporated in one state, and having its principal place of business in another, is a citizen of *both* states. It can sue or be sued in diversity actions only if no opposing party is a citizen of *either* state. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-492 (9th Cir. 1972); Johnson, 437 F.3d at 899.

**c. Natural Persons.**

"To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). "The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* [D]omicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile."). *Weible v. United States,* 244 F.2d 158, 163 (9th Cir.1957).

**2. There Is No Diversity**

As noted, the Complaint asserts diversity jurisdiction pursuant to 28 U.S.C. section 1332. (Complaint, ¶ 1, DKT 1). The Complaint alleges that the "parties are diverse with Plaintiff being a citizen of Delaware and New York and Defendant being a citizen of Pennsylvania." (*Id.*). The Complaint alleges that each of the three Defendant LLCs are single member entities with Gosier being the sole member, such that his alleged citizenship, of Pennsylvania, must be used for diversity jurisdiction

analysis. (Complaint, ¶ 4-7, DKT 1). Plaintiff's allegations are not accurate.

As alleged in the Complaint, Plaintiff is a citizen of *both* New York and Delaware, in that its sole member, Stagwell, is a Delaware corporation with its principal place of business in New York. (Complaint ¶1, DKT 1). Thus, if any member of any of the three defendants is a citizen of either Delaware or New York, then there is no diversity and the case must be dismissed.

Here, the sole member of Defendant FilmHedge is not Gosier, but MediaHedge, Inc., a Delaware corporation with its principal place of business in Georgia, rendering FilmHedge a citizen of both those states. (Gosier Dec. ¶¶ 6-7 and Exs. C, D thereto.) As a result, there is no diversity of citizenship as both Plaintiff and FilmHedge are citizens of Delaware.

In addition, and again contrary to the allegations in the Complaint, Southbox, LLC is not a single member LLC, but has multiple members who are natural persons, one of whom is a citizen of New York. (Gosier Dec. ¶¶ 3-4 and Ex. A thereto.) This further destroys diversity.

As a result, Defendants submit that this action must be dismissed for lack of federal subject matter jurisdiction. As noted, "a district court 'has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.'" *Morgan Equip. Co.*, *supra*, 57 F. Supp. 2d at 869. Thus, this Court has discretion to determine the jurisdictional issue at this stage.

In any event, the lack of jurisdiction warrants setting aside the entry of default as void.

**B. Plaintiff Will Not Be Prejudiced.**

Plaintiff will not be prejudiced by setting aside the default. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Veracity Wireless, Inc. v. Virtual Fleet Mgmt., LLC*, 2019 WL 4266550, at *6 (S.D. Cal. Feb. 26, 2019) (quoting *TCI Grp.,* 244 F.3d at 701). "Rather, the standard is whether [plaintiff's] ability to pursue his claim will be

hindered." *Veracity Wireless, Inc.*, 2019 WL 4266550, at *6 (quoting *TCI Grp.*, 244 F.3d at 701) (further internal quotation marks and citations omitted). Where the only loss is the Plaintiff's "quick victory due to [its] opponent's procedural default," prejudice is not shown because "merely being forced to litigate on the merits cannot be considered prejudicial." *TCI Grp.*, 244 F.3d at 701 (citations omitted). Instead, prejudice results from "the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Hawkins v. Bank of Am., N.A.*, 2018 WL 3426218, at *3 (S.D. Cal. July 16, 2018) (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (quoting 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699, at pp. 536-37 (1983))).

Plaintiff cannot show any cognizable prejudice here. There is no indication of lost evidence, increased difficulties, or fraud on the part of Defendants. This is a straightforward breach of contract case and there is nothing preventing it from being resolved fairly on the merits.

**C. Defendants Have Meritorious Defenses.**

Additionally, the default should be set aside because Defendants have meritorious defenses to this action. The "burden to prove a meritorious defense is 'not extraordinarily heavy'" and has, in fact, been described as "light." *Veracity Wireless, Inc.,* 2019 WL 4266550, at *6 (quoting *RingCentral, Inc. v. Quimby*, 781 F.Supp.2d 1007, 1011 (N.D. Cal. 2011)); *Carroll v. County of San Diego*, 2014 WL 4185530 (S.D. Cal.), at *4. Indeed, to satisfy this "low standard," "[a]ll that is necessary . . . is to allege sufficient facts that, if true, would constitute a defense." *Eulitt*, 2019 WL 13100967, at *3 (quoting *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010)). The limit of the Court's inquiry is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds, supra,* 794 F.2d at 513.

In addition to the defense of lack of federal jurisdiction discussed above,

Defendants have other meritorious defenses. Specifically, Southbox Capital terminated the agreement at issue on May 1, 2023 due to Plaintiff's non-performance thereunder. (Gosier Dec. ¶¶ 10-11 and Exs. E, F thereto.) In that Plaintiff did not perform its obligations under the contract and/or was in material breach, it cannot prove the elements of a breach of contract claim under California law. *Brown v. Grimes*, 192 Cal. App. 4th 265, 277, (2011) ("When a party's failure to perform a contractual obligation constitutes a material breach of the contract, the other party may be discharged from its duty to perform under the contract") (citing 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, §§ 813, 814, p. 906 (Witkin) ("*Material* failure of consideration discharges the other party's duty").

Further, unjust enrichment is not a recognized claim under California law. "There is no cause of action in California labeled 'unjust enrichment.'" *City of Oakland v. Oakland Raiders*, 83 Cal. App. 5th 458, 478 (2022). "Unjust enrichment is sometimes considered """a general principle, underlying various legal doctrines and remedies,"' rather than a remedy itself." *Sepanossian v. National Ready Mixed Concrete Co.,* 97 Cal. App. 5th 192, 206-07 (2023).

At a minimum, there are factual questions as to the nature of the claims asserted against Defendants. Accordingly, Defendants have met their burden to show a meritorious defense justifying a setting aside of the default.

**D. Defendants Did Not Engage In Culpable Conduct.**

Good cause exists because Defendants did not engage in "culpable conduct"—as that term has been construed by courts—in failing to answer the Complaint. The standard for "culpable conduct" is high. Courts have set aside defaults where the reason for delay is "weak," where there was "egregious negligence" or an "extremely irresponsible[] error." *Veracity Wireless, Inc.*, 2019 WL 4266550, at *6. So long as there is no evidence of "intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional' under [the Ninth Circuit's] default cases." *Id.* At *5 (quoting TCI Grp.,

244 F.3d at 700); *see also RingCentral, Inc.*, 781 F. Supp. 2d at 1011 ("As foolish as it may have been for defendants to believe that they could ignore this action without risking serious financial consequences, there is no indication that they did so out of any effort to gain an advantage or to delay the inevitable.").

Here, there is no conduct that rises to the level of "culpable conduct" that would preclude denying the setting aside of the default. Defendants' failure to respond to the Complaint was in no way an effort to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process. To the contrary, Defendants' failure to respond was inadvertent – they informed counsel of this lawsuit and made a mistaken assumption that the matter would be handled. (Gosier Dec. ¶ 12).

Defendants respectfully request the Court set aside the default and allow Defendants to respond to the Complaint. A [Proposed] Answer is filed herewith. (Declaration of Ethan T. Boyer at Ex. 1). Defendants also request scheduling a motion to dismiss for lack of subject matter jurisdiction pursuant to FRCP 12(h)(3): "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

## V. **CONCLUSION**

For each of the foregoing reasons, Defendants respectfully request that the Court set aside the default entered against them. Defendants also submit that the matter must be dismissed due to lack of subject matter jurisdiction, subject to a further motion to dismiss pursuant to FRCP12(h)(3), if the Court deems it appropriate.

Dated: August 14, 2026 NOONAN LANCE & BOYER LLP

By: */s/ Ethan T. Boyer*
Ethan T. Boyer
Genevieve M. Sauter
Attorneys for Defendants FILMHEDGE, LLC, SOUTHBOX CAPITAL, LLC, AND SOUTHBOX ENTERTAINMENT, LLC