# EXHIBIT 1

Ethan T. Boyer, Esq. (SBN 173959)
eboyer@noonanlance.com
Genevieve M. Sauter, Esq. (SBN 285722)
gsauter@noonanlance.com
NOONAN LANCE & BOYER LLP
701 Island Avenue, Suite 400
San Diego, California 92101
Telephone: (619) 780-0880
Facsimile: (619) 780-0877

Attorneys for Defendants FILMHEDGE, LLC, SOUTHBOX CAPITAL, LLC, AND SOUTHBOX ENTERTAINMENT, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Allison Partners, LLC,

Plaintiff,

v.

Gosier Holdings, LLC, FilmHedge, LLC, Southbox Capital, LLC and Southbox Entertainment, LLC,

Defendants.

Case No.: 3:25-cv-00680-WQH-JLB

**FILMHEDGE, LLC, SOUTHBOX CAPITAL, LLC AND SOUTHBOX ENTERTAINMENT, LLC'S ANSWER TO COMPLAINT**

Judge: William Q. Hayes
Dept: 15B

Magistrate: Jill L. Burkhardt
Dept: 5D

Action Date: March 24, 2025

Defendants FilmHedge, LLC ("FilmHedge"), Southbox Capital, LLC ("Southbox Capital") and Southbox Entertainment, LLC ("Southbox Entertainment"), collectively "Defendants", hereby answer the Complaint (Dkt. 1) filed by Plaintiff Allison Partners, LLC ("Alison Partners") by and through their undersigned counsel as follows:

**<u>DEFENDANTS' GENERAL DENIAL</u>**

a. Defendants deny every allegation set forth in the Complaint that is not specifically admitted herein.

b. Defendants deny any liability to Plaintiff and specifically deny that Plaintiff is entitled to any of the relief it seeks.

The headings below, from "Jurisdiction and Venue" through "Prayer for Relief," correspond to the headings in Plaintiff's Complaint. In addition, the numbered paragraphs below, through "Prayer for Relief," correspond to the paragraph of the same number in Plaintiff's Complaint.

**JURISDICTION AND VENUE**

1. Defendants deny the allegations of Paragraph 1 of the Complaint.

2. Defendants deny the allegations of Paragraph 1 of the Complaint.

**PARTIES**

3. Defendants admit / deny the allegations of Paragraph 3 of the Complaint.

4. Defendants admit that former Defendant Gosier Holdings, now known as Southbox Capital LLC, is a Delaware limited liability company. Defendants deny the allegations of the remainder of Paragraph 4 of the Complaint.

5. Defendants admit the allegations of the first sentence of Paragraph 5 of the Complaint, except that FilmHedge's address is not 3017 Bolling Way NE, OFC 224, Atlanta, GA, 30305. Defendants deny the allegations of the remainder of Paragraph 5 of the Complaint.

6. Defendants admit the allegations of the first sentence of Paragraph 6 of the Complaint, except that Southbox Capital's address is not 3017 Bolling Way NE, OFC 224, Atlanta, GA, 30305. Defendants deny the allegations of the remainder of Paragraph 6 of the Complaint.

7. Defendants admit the allegations of the first sentence of Paragraph 7 of the Complaint, except that Southbox Entertainment's address is as alleged in the complaint: 3017 Bolling Way NE, OFC 224, Atlanta, GA, 30305. Defendants deny the allegations of the remainder of Paragraph 7 of the Complaint.

**FACTUAL ALLEGATIONS**

8. Defendants lack knowledge and information sufficient to for a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, on that basis, deny them.

9. Defendants admit / deny the allegations of Paragraph 9 of the Complaint.

10. Defendants deny the allegations of Paragraph 10 of the Complaint.

11. Defendants lack knowledge and information sufficient to for a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, deny them.

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants admit the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations of Paragraph 17 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants admit the allegations of Paragraph 21 of the Complaint.

22. Defendants admit the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

**COUNT I: BREACH OF CONTRACT AGAINST DEFENDANT GOSIER HOLDINGS**

24. As to Paragraph 24 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 23, inclusive.

25. Defendants admit the allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

**COUNT II: UNJUST ENRICHMENT AGAINST ALL DEENDANTS**

29. As to Paragraph 29 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 23, inclusive.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

## COUNT III: COMMON COUNT-1

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

## PLAINTIFF'S PRAYER

As to all paragraphs of Plaintiff's Prayer, Defendants deny that Plaintiff is entitled to any relief and requests that the Court deny Plaintiff all of its requested relief, dismiss Plaintiff's Complaint claims with prejudice, and award Defendants such further and additional relief as is deemed just.

## AFFIRMATIVE DEFENSES

Defendants submit the following as special and/or affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction

There is no federal subject matter jurisdiction over Plaintiff's Complaint and, as a result, this action must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

### Failure to State a Claim

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

### Estoppel

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of estoppel due to Plaintiff's own acts, omissions, and other conduct.

/ / /

/ / /

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

**Plaintiff's Breach**

Plaintiff cannot prevail on its claims in the Complaint in that Plaintiff breached and/or did not perform its obligations under the agreement in question.

**FIFTH AFFIRMATIVE DEFENSE**

**Laches**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

**Parol Evidence Rule**

Plaintiff's claims are barred, in whole in part, by the parol evidence rule.

**SEVENTH AFFIRMATIVE DEFENSE**

**State of Frauds**

Plaintiff's claims are barred, in whole in part, by the statute of frauds, Cal. Civil code section 1624.

**EIGHTH AFFIRMATIVE DEFENSE**

**Lack of Consideration**

Plaintiff is barred from recovering any damages or other relief by reason of the lack and/or inadequacy of consideration that defeats the effectiveness of the alleged contract between the parties.

**NINTH AFFIRMATIVE DEFENSE**

**Lack of Personal Jurisdiction**

There is no personal jurisdiction over some or all of Defendants in this Court.

**TENTH AFFIRMATIVE DEFENSE**

**Excuse for Non-Performance**

Defendants allege that the Complaint, and each purported claim therein, is barred because Defendants' obligations were excused.

/ / /

/ / /

## FURTHER AFFIRMATIVE DEFENSES

Defendants reserve the right to amend this Answer to assert additional affirmative defenses and make such other amendments as are appropriate, including upon the discovery of facts and other matters during the course of this litigation. In pleading its affirmative defenses, Defendants do not assume any burden of proof that would otherwise be borne by Plaintiff.

## PRAYER

WHEREFORE, Defendants FilmHedge, LLC, Southbox Capital, LLC and Southbox Entertainment, LLC pray that this Court enter judgment in its favor with respect to each Claim for Relief and against Allison Partners, as follows:

1. That Plaintiff's Complaint be dismissed in its entirety;
2. For compensatory damages according to proof;
3. For interest according to proof;
4. For attorney's fees and expenses according to proof as permitted by law;
5. For costs of suit; and
6. For such other and further relief as this Court may deem proper.

Dated: August __, 2026 NOONAN LANCE & BOYER LLP

By: ______________________________

Ethan T. Boyer
Genevieve M. Sauter
Attorneys for Defendants FILMHEDGE, LLC, SOUTHBOX CAPITAL, LLC, AND SOUTHBOX ENTERTAINMENT. LLC