Ethan T. Boyer, Esq. (SBN 173959)
eboyer@noonanlance.com
Genevieve M. Sauter, Esq. (SBN 285722)
gsauter@noonanlance.com
NOONAN LANCE & BOYER LLP
701 Island Avenue, Suite 400
San Diego, California 92101
Telephone: (619) 780-0880
Facsimile: (619) 780-0877

Attorneys for Defendants FILMHEDGE, LLC,
SOUTHBOX CAPITAL, LLC, AND
SOUTHBOX ENTERTAINMENT, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Allison Partners, LLC,

Plaintiff,

v.

Gosier Holdings, LLC, FilmHedge, LLC, Southbox Capital, LLC and Southbox Entertainment, LLC,

Defendants.

Case No.: 3:25-cv-00680-WQH-JLB

**DEFENDANT FILMHEDGE, LLC, SOUTHBOX CAPITAL, LLC, AND SOUTHBOX ENTERTAINMENT, LLC'S OPPOSITION TO PLAINTIFF ALLISON PARTNER'S RENEWED MOTION FOR DEFAULT JUDGMENT**

Judge: William Q. Hayes
Dept: 15B

Magistrate: Jill L. Burkhardt
Dept: 5D

Action Date: March 24, 2025

Hearing Date: August 31, 2026

# I. INTRODUCTION

Defendants FilmHedge, LLC ("FilmHedge"), Southbox Capital, LLC ("Southbox Capital") and Southbox Entertainment, LLC ("Southbox Entertainment") respectfully request that the Court deny Plaintiff's Motion for Entry of Default Judgment. On August 14, 2026, Defendants filed their Motion to Set Aside Default pursuant to Federal Rule of Civil Procedure 55(c). (DKT 23). The Motion to Set Aside the Default is based on (1) the lack of subject matter jurisdiction in that there is no diversity of citizenship among the parties, requiring dismissal of this action; (2) Defendants' showing of good cause for their delay in appearing in this action in that they mistakenly believed that their counsel would be responding to the Complaint; as well as (3) Defendants' meritorious defenses, lack of any culpable conduct, and lack of prejudice to Plaintiff from the granting of such relief. That Motion is set for hearing on September 21, 2026.

Defendants respectfully request that the hearing on the instant Motion be continued until after a decision the pending Motion to Set Aside the Entry of Default. Additionally and/or alternatively, denial of the instant Motion for Entry of Default Judgment is warranted for the same reasons as those set forth in Defendants' Motion – principal among those being the lack of federal subject matter jurisdiction. "A default judgment is void if the court that rendered it lacked subject matter jurisdiction." *Morgan Equip. Co. v. Novokrivorogsky State Ore Min. & Processing Enter.*, 57 F. Supp. 2d 863, 868 (N.D. Cal. 1998) (citing *United States v. Forma*, 42 F.3d 759, 762 (2d Cir. 1994)).

Defendants thus respectfully request that the Court determine the issue of its subject matter jurisdiction before any entry of default judgment. Further, even if the Court finds sufficient evidence to support subject matter jurisdiction, entry of default should be aside for the other reasons set forth in their Motion. Those same reasons also justify denying the instant motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Parties.

Southbox Capital is a Delaware LLC with its principal (and only) place of business in Atlanta, Georgia. (Declaration of Jonathan Gosier filed in support of Defendants' Motion to Set Aside Entry of Default (DKT 23-4) ("Gosier Dec.") at ¶2).[1] Southbox Capital is a holding company for investments mostly in the technology industry but also in some media opportunities. (*Id.*) Southbox Capital is managed by Jonathan Gosier ("Gosier"), who is a member of the LLC along with several other individuals. (*Id.* ¶¶ 2-3) The LLC was originally named Gosier Holdings, LLC, but changed its name to Southbox Capital on February 3, 2022. (*Id.* ¶ 2 and Ex. A thereto (DKT 23-6)). Southbox Capital has continued to use the name "Gosier Holdings" from time to time, though it is not an official fictitious business name. (*Id.*)

FilmHedge also is a Delaware LLC with its principal (and only) place of business in Atlanta, Georgia. (Gosier Dec. at ¶ 5 (DKT 23-5)). FilmHedge provides underwriting and lending services to film and TV producers. (*Id.*) Gosier initially was the sole member of FilmHedge, but transferred his 100% interest in the LLC to MediaHedge, Inc. on or about March 31, 2021. (Gosier Dec. at ¶ 6 (DKT 23-5) and Ex. C thereto (DKT 23-8)). MediaHedge is a Delaware corporation with its principal (and only) place of business in Atlanta, Georgia. (Gosier Dec. at ¶ 7 (DKT 23-5) and Ex. D thereto (DKT 23-9)).

Southbox Entertainment also is a Delaware LLC based in Atlanta, Georgia. (Gosier Dec. at ¶ 8 (DKT 23-5)). Southbox Entertainment has no operations at present but holds certain IP rights. (*Id.*) Its sole member is Jon Gosier. (*Id.*)

---

[1] Rather than file an identical declaration from Jonathan Gosier with identical exhibits, Defendants refer to the Gosier Declaration filed in connection with Defendants' Motion to Set Aside Entry of Default.

As alleged in the Complaint, Plaintiff is a Delaware LLC. (Complaint, ¶3, DKT 1). Plaintiff's single member is Stagwell, Inc. ("Stagwell"), a Delaware corporation with its principal place of business in New York. (*Id*.).

**B. <u>The Contract At Issue</u>.**

Plaintiff's Complaint is based on a contract it signed with Gosier Holdings, LLC, called the Master Services Agreement, effective November 1, 2022. (Gosier Dec. at ¶ 9 (DKT 23-5)). Neither FilmHedge nor Southbox Entertainment are parties to or referenced in the agreement. (*Id*.).

Southbox Capital repeatedly informed Plaintiff of the deficiencies in the services Plaintiff was providing under the agreement. (Gosier Dec. at ¶ 10 (DKT 23-5) and Ex. E (DKT 23-10)). Plaintiff, however, did not improve its performance or comply with its services obligations under the contract. (Gosier Dec. at ¶ 10 (DKT 23-5)). As a result, Southbox Capital terminated the agreement on May 1, 2023. (*Id*. ¶ 11 and Ex. F thereto (DKT 23-11)).

**C. <u>The Complaint</u>.**

Plaintiff waited almost two years after the termination of the agreement to file this Complaint on March 24, 2025. (DKT 1). The Complaint alleges three claims, for breach of contract against Southbox Capital, and for unjust enrichment and a common count against all Defendants. (DKT 1).

Southbox's principal, Gosier, received a copy of the Complaint on or about April 2025. (Gosier Dec. at ¶ 12 (DKT 23-5)). On April 23, 2025, Gosier emailed counsel at Holland & Knight, LLP, in Atlanta about the Complaint. (*Id*.) At the time, Holland & Knight, LLP was representing MediaHedge in a substantial lawsuit in Atlanta. (*Id*.) Gosier assumed that the law firm would handle the defense of the instant action. (*Id*.)

## III. <u>ARGUMENT</u>

The decision to grant or deny default judgment is within the discretion of the district court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *see also*

*Staniforth v. Total Wealth management, Inc*., 2023 WL 3805250, *2 (S.D. Cal. June 2, 2023). The Ninth Circuit has enumerated seven factors for courts to consider in exercising discretion as to the entry of default judgment:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of the plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel,* 782 F.2d at 1471; *Staniforth*, 2023 WL 3805250 at *2.

While Plaintiffs are correct that, generally speaking, the "well-pleaded" factual allegations of the complaint are taken as true, except for those concerning damages, this principle does not apply to the courts' determination of subject matter jurisdiction. "[A] district court 'may properly look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists.'" *Morgan Equip. Co.*, *supra*, 57 F. Supp. 2d at 868 (quoting *Adler v. Federal Republic of Nigeria,* 107 F.3d 720, 728 (9th Cir.1997)). Further, "a district court 'has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.'" *Id*. Thus, the court does not accept as true the complaint's allegations regarding subject matter jurisdiction. *Morgan Equip. Co.*, 57 F. Supp. 2d at 869.

**A. <u>There Is No Federal Subject Matter Jurisdiction</u>.**

"A default judgment is void if the court that rendered it lacked subject matter jurisdiction." *Morgan Equip. Co. v. Novokrivorogsky State Ore Min. & Processing Enter.*, 57 F. Supp. 2d 863, 868 (N.D. Cal. 1998) (citing *United States v. Forma*, 42 F.3d 759, 762 (2d Cir. 1994) ("… [I]f there was no subject matter jurisdiction over

the Formas' counterclaim, then the default judgment entered against the Government is void and must be vacated…")); *see also Fafarman v. Off. Of Historic Res.*, 2013 WL 12138982, at *5 (C.D. Cal. Nov. 4, 2013) ("Without subject matter jurisdiction over this action, the entry of default against the City Office is void.").

"If the court determines that the judgment is void, it has no discretion to deny relief from judgment." *Morgan Equip. Co.*, 57 F. Supp. 2d at 868 (citing *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica,* 614 F.2d 1247, 1256 (9th Cir.1980)).

**1. The Complaint Asserts Diversity Jurisdiction.**

The Complaint here asserts federal jurisdiction based on diversity of citizenship of the parties pursuant to 28 U.S.C. section 1332. (Complaint, ¶ 1, DKT 1).[2] Diversity of citizenship requires that all parties to the action be "citizens" of different states. 28 U.S.C. § 1332I. The citizenship of the parties is a jurisdictional fact in diversity actions. The burden is on the plaintiff—the party invoking federal jurisdiction—to plead and prove such facts. *Bautista v. Pan American World Airlines, Inc.*, 828 F2d 546, 552 (9th Cir. 1987).

***a) Limited Liability Companies***

"[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, if the members are corporations, LLCs, trusts or partnership, natural persons, or a mix of these options, then the diversity analysis must be performed for each member using the appropriate standard. *Id.*

***b) Corporations***

[2] The Complaint also makes a vague reference to federal question jurisdiction by citing on 15 U.S.C. 1692k(d). (Complaint, ¶ 1, DKT 1). This reference is certainly a typographical error in that the referenced code section is to the Fair Debt Collection Practices Act, which is not at issue in this case.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …" 28 U.S.C. § 1332(1). A corporation incorporated in one state, and having its principal place of business in another, is a citizen of *both* states. It can sue or be sued in diversity actions only if no opposing party is a citizen of *either* state. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-492 (9th Cir. 1972); Johnson, 437 F.3d at 899.

***c) Natural Persons***

"To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). "The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* [D]omicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile."). *Weible v. United States,* 244 F.2d 158, 163 (9th Cir.1957).

**2. <u>There Is No Diversity</u>**

As noted, the Complaint asserts diversity jurisdiction pursuant to 28 U.S.C. section 1332. (Complaint, ¶ 1, DKT 1). The Complaint alleges that the "parties are diverse with Plaintiff being a citizen of Delaware and New York and Defendant being a citizen of Pennsylvania." (*Id.*). The Complaint alleges that each of the three Defendant LLCs are single member entities with Gosier being the sole member, such that his alleged citizenship, of Pennsylvania, must be used for diversity jurisdiction analysis. (Complaint, ¶ 4-7, DKT 1). Plaintiff's allegations are not accurate.

As alleged in the Complaint, Plaintiff is a citizen of *both* New York and Delaware, in that its sole member, Stagwell, is a Delaware corporation with its

principal place of business in New York. (Complaint ¶1, DKT 1). Thus, if any member of any of the three defendants is a citizen of either Delaware or New York, then there is no diversity and the case must be dismissed.

Here, the sole member of Defendant FilmHedge is not Gosier, but MediaHedge, Inc., a Delaware corporation with its principal place of business in Georgia, rendering FilmHedge a citizen of both those states. (Gosier Dec. ¶¶ 6-7 (DKT 23-5) and Exs. C, D thereto (DKT 23-8, 23-9).) As a result, there is no diversity of citizenship as both Plaintiff and FilmHedge are citizens of Delaware.

In addition, and again contrary to the allegations in the Complaint, Southbox, LLC is not a single member LLC, but has multiple members who are natural persons, one of whom is a citizen of New York. (Gosier Dec. ¶¶ 3-4 (DKT 23-5) and Ex. A thereto (DKT 23-6)). This further destroys diversity.

As a result, Defendants submit that this action must be dismissed for lack of federal subject matter jurisdiction. As noted, "a district court 'has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.'" *Morgan Equip. Co.*, *supra*, 57 F. Supp. 2d at 869. Thus, this Court has discretion to determine the jurisdictional issue at this stage.

In any event, the lack of jurisdiction warrants setting aside the entry of default as void.

**B. <u>Plaintiff Will Not Be Prejudiced</u>.**

Plaintiff will not be prejudiced by denying entry of default judgment. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Veracity Wireless, Inc. v. Virtual Fleet Mgmt., LLC*, 2019 WL 4266550, at *6 (S.D. Cal. Feb. 26, 2019) (quoting *TCI Grp.,* 244 F.3d at 701). "Rather, the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Veracity Wireless, Inc.*, 2019 WL 4266550, at *6 (quoting *TCI Grp.*, 244 F.3d at 701) (further internal quotation marks and citations omitted). Where the only loss is the Plaintiff's "quick victory due to [its] opponent's procedural default,"

prejudice is not shown because "merely being forced to litigate on the merits cannot be considered prejudicial." *TCI Grp.*, 244 F.3d at 701 (citations omitted). Instead, prejudice results from "the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Hawkins v. Bank of Am., N.A.*, 2018 WL 3426218, at *3 (S.D. Cal. July 16, 2018) (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (quoting 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699, at pp. 536-37 (1983))).

Plaintiff cannot show any cognizable prejudice here. There is no indication of lost evidence, increased difficulties, or fraud on the part of Defendants. This is a straightforward breach of contract case and there is nothing preventing it from being resolved fairly on the merits. In light of "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits", entry of default judgment is not warranted here. *Eitel,* 782 F.2d at 1471; *Staniforth*, 2023 WL 3805250 at *2.

**C. <u>There Is a Dispute Concerning Material Facts</u>.**

Additionally, default judgment should not be entered because the material facts are disputed. *Eitel,* 782 F.2d at 1471; *Staniforth*, 2023 WL 3805250 at *2. In addition to the defense of lack of federal jurisdiction discussed above, Defendants have other meritorious defenses. Specifically, Southbox Capital terminated the agreement at issue on May 1, 2023 due to Plaintiff's non-performance thereunder. (Gosier Dec. ¶¶ 10-11 (DKT 23-5) and Exs. E, F thereto (DKT 23-10, 23-11.) In that Plaintiff did not perform its obligations under the contract and/or was in material breach, it cannot prove the elements of a breach of contract claim under California law. *Brown v. Grimes*, 192 Cal. App. 4th 265, 277, (2011) ("When a party's failure to perform a contractual obligation constitutes a material breach of the contract, the other party may be discharged from its duty to perform under the contract") (citing 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, §§ 813, 814, p. 906 (Witkin) ("*Material* failure of consideration discharges the other party's duty").

At a minimum, there are factual questions as to the nature of the claims asserted

against Defendants. Accordingly, entry of default judgment is not warranted.

**D. Defendants' Default Was the Result of Excusable Neglect.**

Another factor to be considered is whether the default was the result of excusable neglect. *Eitel,* 782 F.2d at 1471. The default here was the result of such excusable neglect. When Defendants received service of the Complaint, they informed their counsel in Georgia who was handling other litigation. (Gosier Dec. ¶ 12 (DKT 23-5)). Defendants mistakenly believed that their attorney would be responding to the Complaint in this case. (*Id.*) This further supports denying the instant motion.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the instant motion or, alternatively, continue the hearing default until after the hearing on Defendants' Motion to Set Aside Entry of Default.

Dated: August 17, 2026 NOONAN LANCE & BOYER LLP

By: ______________________________
Ethan T. Boyer
Genevieve M. Sauter
Attorneys for Defendants
FILMHEDGE, LLC, SOUTHBOX CAPITAL, LLC, AND SOUTHBOX ENTERTAINMENT, LLC